RUSS, AUGUST & KABAT
Marc A. Fenster, CA SB # 181067
Email: mfenster@raklaw.com
Neil A . Rubin, CA SB # 250761
Email: nrubin@raklaw.com
Arka D. Chatterjee, CA SB # 268546
Email: achatterjee@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:  (310) 826-7474
Facsimile:    (310) 826-6991

**Attorneys for Plaintiff
MAXON INDUSTRIES, INC.**

# IN THE UNITED STATE DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MAXON INDUSTRIES, INC. D/B/A MAXON LIFT CORP.<br><br>Plaintiff,<br><br>vs.<br><br>WALTCO LIFT CORP.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Maxon Industries, Inc., d.b.a. Maxon Lift Corp. ("Maxon" or "Plaintiff"), brings this Complaint for patent infringement against Waltco Lift Corp., ("Waltco" or "Defendant") and hereby states as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent Nos. 8,234,046 (the "'046 Patent"); 8,521,370 (the "'370 Patent"); and 8,706,361 (the "'361 Patent")

RUSS, AUGUST & KABAT

(collectively, "Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.*

## PARTIES

2. Maxon is a corporation operating and existing under the laws of California with its principal place of business at 11921 Slauson Avenue, Santa Fe Springs, California 90670. Maxon is actively involved in the manufacture and sale of lift gates that that embody the claimed invention in the Asserted Patents.

3. Upon information and belief, Defendant Waltco is a corporation operating and existing under the laws of California, with its principal place of business at 285 Northeast Avenue, Tallmadge, OH 44278, and a lists as its agent for service of process the C.T. Corporation System, located at 818 West Seventh Street, Suite 930, Los Angeles, California 90017. Upon further information and belief, Waltco is engaged in the business of manufacturing and selling lift gates.

## JURISDICTION AND VENUE

4. This is a complaint for patent infringement under 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, this Court has personal jurisdiction over Defendant Waltco because Waltco is located in California, has regularly done or solicited business, or engaged in a persistent course of conduct in California, has maintained continuous and systematic contacts with California, and has purposefully availed itself of the privileges of doing business in California.

6. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendant is subject to personal jurisdiction in this judicial district, has transacted business in this district, and has committed and/or induced to acts of patent infringement in this judicial district.

## THE PATENTS

7. On July 31, 2012, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '046 Patent, titled "Method and Apparatus for Selectively Activated

Powered Actuation of a Hydraulic Drive System." A true and correct copy of the '046 Patent is attached hereto as Exhibit A.

8. The '046 Patent is valid and enforceable.

9. Maxon is the owner and assignee of the '046 Patent and holds the exclusive right to sue and recover damages for infringement of the '046 Patent.

10. In part, the '046 Patent covers a hydraulic lift gate system attached to a vehicle, in which a mode of lowering the lift game by application of hydraulic power can be selectively enabled during a mode in which the lift gate is being lowered by the force of gravity. In part, the '046 Patent also covers a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by application of hydraulic power is activated upon sensing a condition during a mode in which the lift gate is being lowered by the force of gravity.

11. The '046 Patent is valid and enforceable.

12. On August 27, 2014, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '370 Patent, titled "Method and Apparatus for Selectively Activated Powered Actuation of a Hydraulic Drive System." A true and correct copy of the '370 Patent is attached hereto as Exhibit B.

13. Maxon is the owner and assignee of the '370 Patent and holds the exclusive right to sue and recover damages for infringement of the '370 Patent.

14. In part, the '370 Patent covers a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by the force of gravity is activated upon sensing a condition (such as a manual override input by an operator) during a mode in which the lift gate is being lowered by hydraulic power.

15. On April 22, 2014, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '361 Patent, titled "Method and Apparatus for Selectively Activated Powered Actuation of a Hydraulic Drive System." A true and correct copy of the '361 Patent is attached hereto as Exhibit C.

16. Maxon is the owner and assignee of the '361 Patent and holds the exclusive right to sue and recover damages for infringement of the '361 Patent.

17.     In part, the '361 Patent covers a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by the force of gravity is activated upon sensing a condition (such as a manual override input by an operator) during a mode in which the lift gate is being lowered by hydraulic power.

## COUNT I: INFRINGEMENT OF THE '046 PATENT

18.     Maxon realleges and incorporates by reference paragraphs 1-17.

19.     Defendant has been and still is directly infringing at least claim 1 of the '046 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, exporting, and/or importing, without license or authority, lift gate systems in which a mode of lowering the lift gate by application of hydraulic power can be selectively enabled during a mode in which the lift gate is being lowered by the force of gravity. Defendant also has been and still is directly infringing at least claim 9 of the '046 patent, literally and under the doctrine of equivalents, by performing a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by application of hydraulic power is activated upon sensing a condition during a mode in which the lift gate is being lowered by the force of gravity. For example, lift gate systems incorporating Waltco's lift gate model nos. WDV-35, WDV-45, WDV-55, WDV-66, WDVBG-35, and WDVBG-45 infringe at least claim 1 of the '046 patent, and activating a mode of lowering one of these lift gates by application of hydraulic power upon sensing a condition during a mode in which the lift gate is being lowered by the force of gravity infringes at least claim 9 of the '046 patent. By making, using, importing, exporting, offering for sale, and/or selling such products, Defendant has injured Maxon is thus liable to Maxon for infringement of the '046 patent pursuant to 35 U.S.C. § 271(a).

20.     Defendant has been and still is indirectly infringing, by way of inducing infringement by others of the '046 patent, by, among other things, making, using, importing, exporting, offering for sale, and/or selling, without license or authority, lift gate systems that infringe at least claim 1 of the '046 patent by including a mode of lowering the lift game by application of hydraulic power can be selectively enabled during a mode in which the lift gate is being lowered by the force of gravity. Defendant also has been and still is indirectly infringing,

by way of inducing infringement by others of the '046 patent, by, among other things, making, using, importing, exporting offering for sale, and/or selling, without license or authority, lift gate systems whose use to perform a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by application of hydraulic power is activated upon sensing a condition during a mode in which the lift gate is being lowered by the force of gravity infringes at least claim 9 of the '046 patent. For example, lift gate systems incorporating Waltco's lift gate model nos. WDV-35, WDV-45, WDV-55, WDV-66, WDVBG-35, and WDVBG-45 infringe at least claim 1 of the '046 patent, and activating a mode of lowering one of these lift gates by application of hydraulic power upon sensing a condition during a mode in which the lift gate is being lowered by the force of gravity infringes at least claim 9 of the '046 patent. These products are made, used, imported, exported, offered for sale, and/or sold by direct infringers of the '046 patent in the United States, such as Defendant's customers and end-users of Defendant's customers. Maxon lists the '046 patent on its virtual patent marking webpage at www.maxonlift.com/patents and includes that webpage address on the serial plates of its lift gate products. On information and belief, the lift gate industry is a competitive one in which it is a common practice to monitor the product offerings of competitors. On information and belief, Defendant monitored the product offerings of its competitor Maxon, and was thereby aware of Maxon's virtual patent marking webpage prior to the filing of this lawsuit and was aware of, or was willfully blind to, the existence of the '046 patent and the fact that it covered Maxon's products. Defendant, with knowledge of the '046 patent, knowingly induced and continues to induce others to directly infringe by inducing or encouraging the use of its products and services in an infringing manner. Since at least the date Defendant learned of the Maxon virtual patent marking webpage, and in any event no later than the date it is served with this lawsuit, Defendant has had knowledge of the '046 patent and, by continuing the actions described above, has had the specific intent to, or was willfully blind to the fact that its actions would, induce infringement of the '046 patent. On information and belief, through at least its technical support services, Defendant is aware that its customers have used Defendant's WDV and WDVBG Series lift gates to infringe the '046 patent. Thus, by making, using, importing, exporting, offering for sale,

and/or selling infringing products and services, and by inducing and instructing its customers to use its products in an infringing way, Defendant has injured Maxon and is thus liable to Maxon for infringement of the '046 patent under 35 U.S.C. § 271(b).

21. As a result of Defendant's infringement of the '046 patent, Maxon has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant and its customers, together with interest and costs as fixed by the Court, and Maxon will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

22. Maxon is in compliance with the requirements of 35 U.S.C. § 287.

## COUNT II: INFRINGEMENT OF THE '370 PATENT

23. Maxon realleges and incorporates by reference paragraphs 1-22.

24. Defendant has been and still is directly infringing at least claims 1 and 3 of the '370 patent, literally and under the doctrine of equivalents, by performing a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by the force of gravity is activated upon sensing a condition (such as a manual override input by an operator) during a mode in which the lift gate is being lowered by hydraulic power. For example, lift gate systems incorporating Waltco's lift gate model nos. WDV-35, WDV-45, WDV-55, WDV-66, WDVBG-35, and WDVBG-45 infringe at least claims 1 and 3 of the '370 patent. By making, using, importing, exporting, offering for sale, and/or selling such products, Defendant has injured Maxon is thus liable to Maxon for infringement of the '370 patent pursuant to 35 U.S.C. § 271(a).

25. Defendant has been and still is indirectly infringing, by way of inducing infringement by others of the '370 patent, by, among other things, making, using, importing, exporting, offering for sale, and/or selling, without license or authority, lift gate systems that infringe at least claims 1 and 3 of the '370 patent by performing a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by the force of gravity is activated upon sensing a condition (such as a manual override input by an operator) during a mode in which the lift gate is being lowered by hydraulic power. For example, lift gate

systems incorporating Waltco's lift gate model nos. WDV-35, WDV-45, WDV-55, WDV-66, WDVBG-35, and WDVBG-45 infringe at least claims 1 and 3 of the '370 patent. These products are made, used, imported, exported, offered for sale, and/or sold by direct infringers of the '370 patent in the United States, such as Defendant's customers and end-users of Defendant's customers. Maxon lists the '370 patent on its virtual patent marking webpage at www.maxonlift.com/patents and includes that webpage address on the serial plates of its lift gate products. On information and belief, the lift gate industry is a competitive one in which it is a common practice to monitor the product offerings of competitors. On information and belief, Defendant monitored the product offerings of its competitor Maxon, and was thereby aware of Maxon's virtual patent marking webpage prior to the filing of this lawsuit and was aware of, or was willfully blind to, the existence of the '370 patent and the fact that it covered Maxon's products. Defendant, with knowledge of the '370 patent, knowingly induced and continues to induce others to directly infringe by inducing or encouraging the use of its products and services in an infringing manner. Since at least the date Defendant learned of the Maxon virtual patent marking webpage, and in any event no later than the date it is served with this lawsuit, Defendant has had knowledge of the '370 patent and, by continuing the actions described above, has had the specific intent to, or was willfully blind to the fact that its actions would, induce infringement of the '370 patent. On information and belief, through at least its technical support services, Defendant is aware that its customers have used Defendant's WDV and WDVBG Series lift gates to infringe the '370 patent. Thus, by making, using, importing, exporting, offering for sale, and/or selling infringing products and services, and by inducing and instructing its customers to use its products in an infringing way, Defendant has injured Maxon and is thus liable to Maxon for infringement of the '370 patent under 35 U.S.C. § 271(b).

26. As a result of Defendant's infringement of the '370 patent, Maxon has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant and its customers, together with interest and costs as fixed by the Court, and Maxon will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

27. Maxon is in compliance with the requirements of 35 U.S.C. § 287.

## COUNT III: INFRINGEMENT OF THE '361 PATENT

28. Maxon realleges and incorporates by reference paragraphs 1-27.

29. Defendant has been and still is directly infringing at least claims 1 - 4 of the '361 patent, literally and under the doctrine of equivalents, by performing a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by the force of gravity is activated upon sensing a condition (such as a manual override input by an operator) during a mode in which the lift gate is being lowered by hydraulic power. For example, lift gate systems incorporating Waltco's lift gate model nos. WDV-35, WDV-45, WDV-55, WDV-66, WDVBG-35, and WDVBG-45 infringe at least claims 1 - 4 of the '361 patent. By making, using, importing, exporting, offering for sale, and/or selling such products, Defendant has injured Maxon is thus liable to Maxon for infringement of the '361 patent pursuant to 35 U.S.C. § 271(a).

30. Defendant has been and still is indirectly infringing, by way of inducing infringement by others of the '361 patent, by, among other things, making, using, importing, exporting, offering for sale, and/or selling, without license or authority, lift gate systems that infringe at least claims 1 - 4 of the '361 patent by performing a method for controlling a hydraulic lift gate attached to a vehicle such that the mode of lowering the lift gate by the force of gravity is activated upon sensing a condition (such as a manual override input by an operator) during a mode in which the lift gate is being lowered by hydraulic power. For example, lift gate systems incorporating Waltco's lift gate model nos. WDV-35, WDV-45, WDV-55, WDV-66, WDVBG-35, and WDVBG-45 infringe at least claims 1 - 4 of the '361 patent. These products are made, used, imported, exported, offered for sale, and/or sold by direct infringers of the '361 patent in the United States, such as Defendant's customers and end-users of Defendant's customers. Maxon lists the '361 patent on its virtual patent marking webpage at www.maxonlift.com/patents and includes that webpage address on the serial plates of its lift gate products. On information and belief, the lift gate industry is a competitive one in which it is a common practice to monitor the product offerings of competitors. On information and belief,

Defendant monitored the product offerings of its competitor Maxon, and was thereby aware of Maxon's virtual patent marking webpage prior to the filing of this lawsuit and was aware of, or was willfully blind to, the existence of the '361 patent and the fact that it covered Maxon's products. Defendant, with knowledge of the '361 patent, knowingly induced and continues to induce others to directly infringe by inducing or encouraging the use of its products and services in an infringing manner. Since at least the date Defendant learned of the Maxon virtual patent marking webpage, and in any event no later than the date it is served with this lawsuit, Defendant has had knowledge of the '361 patent and, by continuing the actions described above, has had the specific intent to, or was willfully blind to the fact that its actions would, induce infringement of the '361 patent. On information and belief, through at least its technical support services, Defendant is aware that its customers have used Defendant's WDV and WDVBG Series lift gates to infringe the '361 patent. Thus, by making, using, importing, exporting, offering for sale, and/or selling infringing products and services, and by inducing and instructing its customers to use its products in an infringing way, Defendant has injured Maxon and is thus liable to Maxon for infringement of the '361 patent under 35 U.S.C. § 271(b).

31. As a result of Defendant's infringement of the '361 patent, Maxon has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant and its customers, together with interest and costs as fixed by the Court, and Maxon will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

32. Maxon is in compliance with the requirements of 35 U.S.C. § 287.

### Prayer for Relief

Wherefore, Maxon respectfully requests that this Court enter judgment in its favor as follows:

A. Holding that Defendant has infringed directly, literally and/or under the doctrine of equivalents, the claims of the Asserted Patents;

B. Holding that Defendant has induced infringement of the claims of Asserted Patent;

C. Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all other acting in concert of privity with any of them from infringing or inducing the infringement of the Asserted Patents;

D. Awarding to Maxon the compensatory damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement, which on information and belief are in excess of $25 million, and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, as well as treble damages for willful infringement;

E. Declaring this to be an exceptional case and awarding Maxon attorneys' fees under 35 U.S.C. § 285;

F. Awarding Maxon costs and expenses in this action;

G. Awarding Maxon pre- and post-judgment interest on its damages; and

H. Awarding Maxon such other and further relief in law or in equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Maxon, under Rule 38 of the Federal Rules of Civil Procedure, requires a trial by jury of any issues so triable by right.

Dated: July 21, 2016

Respectfully submitted,

**RUSS AUGUST & KABAT**
Marc A. Fenster
Neil A. Rubin
Arka D. Chatterjee


By: /s/ *Marc A. Fenster*
Marc A. Fenster
Attorneys for Plaintiff
**MAXON INDUSTRIES, INC.**